# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
## CIVIL ACTION NO. 3:25-CV-01036-KDB-WCM

SHAWN S. WINSOR,

**Plaintiff,**

v.

UNITED SERVICES
AUTOMOBILE ASSOCIATION
(USAA) AND
JUAN C. ANDRADE,

**Defendants.**

**MEMORANDUM AND ORDER**

**THIS MATTER** is before the Court on Defendants' Motion to Compel Arbitration and Dismiss or Stay (Doc. No. 7). The Court has carefully considered this motion and the Parties' briefs and exhibits. For the reasons discussed below, the Court will **GRANT** the motion, compel arbitration and stay this action pending the completion of arbitration.

## I.     LEGAL STANDARD

The Federal Arbitration Act ("FAA") represents "a liberal federal policy favoring arbitration agreements" and applies "to any arbitration agreement within the coverage of the [FAA]." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983). Under Section 2 of the FAA, a written arbitration provision "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Furthermore, the Supreme Court has held that "courts must rigorously enforce arbitration agreements according to their terms." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011).

1

In the Fourth Circuit, a litigant can compel arbitration under the FAA if he can demonstrate: "(1) the existence of a dispute between the parties, (2) a written agreement that includes an arbitration provision which purports to cover the dispute, (3) a relationship of the transaction, which is evidenced by the agreement, to interstate or foreign commerce, and (4) the failure, neglect or refusal of [a party] to arbitrate the dispute." *Galloway v. Santander Consumer USA, Inc*., 819 F.3d 79, 84 (4th Cir. 2016); *see also Chorley Enters., Inc. v. Dickey's Barbecue Rests., Inc*., 807 F.3d 553, 563 (4th Cir. 2015). Agreements to arbitrate are construed according to ordinary rules of contract interpretation, as augmented by a federal policy requiring that all ambiguities be resolved in favor of arbitration. *Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc*., 252 F.3d 707, 710 (4th Cir. 2011). Whether a party agreed to arbitrate a particular dispute is a question of state law governing contract formation. *Adkins v. Labor Ready, Inc*., 303 F.3d 496, 500-01 (4th Cir. 2002). "[T]he party resisting arbitration bears the burden of proving that the claims at issue are unsuitable for arbitration." *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 81 (2000).

If the Court sends a case to arbitration, it must stay the case if either party requests it, assuming that there are no other reasons to dismiss unrelated to the fact an issue in the case is subject to arbitration. *See Smith v. Spizzirri*, 601 U.S. 472, 475-76 (2024). For example, where all the claims at issue in a lawsuit are arbitrable, but neither party has requested a stay, the court may dismiss the lawsuit for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). *Wake Cnty. Bd. of Educ. v. Dow Roofing Sys., LLC*, 792 F. Supp. 2d 897, 900 (E.D.N.C. 2011); *see also Choice Hotels Intern*., 252 F.3d at 709-10 ("[D]ismissal is a proper remedy when all of the issues presented in a lawsuit are arbitrable.").

Alternatively, where the claims at issue are arbitrable, but neither party has requested a stay, a court may choose to stay a lawsuit pending the parties' completion of arbitration. *See*

2

*Silkworm Screen Printers, Inc. v. Abrams*, No. 91-1631, 1992 WL 317187, at *6 (4th Cir. Nov. 4, 1992) ("If the district court finds that [plaintiff] agreed to arbitrate ... it may either dismiss [plaintiff's] complaint for lack of subject matter jurisdiction or stay its proceedings pending arbitration and consideration of the award pursuant to Article V of the Convention.").

## II.      FACTS AND PROCEDURAL HISTORY

Plaintiff Shawn Winsor is a former United States Automobile Association ("USAA") employee. (Doc. No. 1 at 4). In connection with his employment, Winsor and USAA entered into the "USAA Dispute Resolution Program: Arbitration and Mediation Agreement" (the "Arbitration Agreement") on April 26, 2024. (*See* Doc. No. 7-1, Attachments A-B). The Arbitration Agreement provides mandatory arbitration as the exclusive means of resolving all employment related "Disputes." (*Id.*, Attachment B). The Arbitration Agreement defines "Disputes" broadly to include all claims arising out of or related to the application for employment, hire, employment, or termination, including allegations of employment discrimination, harassment, or retaliation of any kind, including, without limitation, claims arising under the Americans with Disabilities Act ("ADA") and Family and Medical Leave Act ("FMLA"), as well as any other matters concerning or arising out of the employment relationship. (*Id.* at Attachment B, ¶¶ 2(F)(4), (5), and (9)). The definition of "Disputes" under the Agreement also includes claims arising out of an employee's employment (1) between Employees or (2) asserted against a Third Party Beneficiary. (*Id.* at Attachment B at ¶ 2(F)).

Winsor filed this action on December 30, 2025, asserting claims for purported violations of the ADA and FMLA against Defendants. (See Doc. No. 1, Section II).

## III. DISCUSSION

Under the well-established law supporting arbitration agreements, the Parties' dispute must be resolved in arbitration. *See Kendall v. Reg'l Enters., LLC*, No. 5:24-CV-00180-KDB-SCR, 2024 WL 4375792, at *1 (W.D.N.C. Oct. 2, 2024). As described above, there is (and could be) no dispute that Winsor and USAA entered into an agreement to arbitrate his employment discrimination claims against the company. Therefore, the Court must compel arbitration of the Parties' disputes.

However, in the exercise of its discretion, it will stay rather than dismiss this action, as alternatively requested by Defendants.

## IV. ORDER

**NOW THEREFORE IT IS ORDERED THAT**:

1. Defendants' Motion to Compel Arbitration and Dismiss or Stay (Doc. No. 7) is **GRANTED**; and

2. This matter is stayed until further order of the Court pending arbitration of this dispute.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: March 19, 2026

Kenneth D. Bell
United States District Judge